IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

    No. CIV-01-1064 MV/KBM
    CR-00-545 MV

JUAN FLORES MONTOYA,

    Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #26) filed September 13, 2001. Rule 4(b) Governing Section 2255 Proceedings. On May 2, 2000, the government filed an indictment, and on June 19, 2000, Defendant entered his guilty plea. At sentencing he was denied a downward departure under United States Sentencing Guidelines under § 5K2.0. He now contends that because his indictment was defective his sentence violates the Supreme Court's pronouncement in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Defendant's *Apprendi* claim does not survive scrutiny.[1] He was indicted, convicted, and sentenced under 18 U.S.C. § 1326(a)(1) and § 1326(b)(2), which prohibit reentry by a deported alien. The terms of § 1326(b)(2) provide an increased sentence for a defendant with a prior felony conviction. Defendant argues the indictment was constitutionally defective by failing to identify the prior felony for which his sentence was increased. The Court of Appeals for the Tenth Circuit has rejected this argument, ruling that an indictment under § 1326(a)(1) is not defective for failure to

---

[1] Although this claim is procedurally barred because it was not raised on appeal, *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996), the substance of the claim will be examined, *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994).

separately charge a prior felony. *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998)). Because the indictment against Defendant was not defective, his claim under *Apprendi* must be denied.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #26) filed September 13, 2001, is DISMISSED, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE